MICHAEL FERRARO, RELATOR, v. THE BOARD OF MANA-
GERS OF THE NEW JERSEY STATE PRISON, RE-
SPONDENT.

Argued January 22, 1930—Decided August 2, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the relator, *Harry Heher.*

For the respondent, *William A. Stevens,* attorney-general,
and *Theodore Backes,* second assistant attorney-general.

PER CURIAM.

The relator, Michael Ferraro, on July 20th, 1918, entered
a plea of *"nolo contendere"* to an indictment for a murder
committed on May 5th, 1918, and received a sentence of life
imprisonment in the state prison. The relator observed all
the rules of conduct of that institution, and on April 19th,
1929, had served "a term of fifteen years, less earned com-
mutation thereof." A very brief stipulation of facts, having
set forth the foregoing, alleges that one John O. Lindsley,
likewise under a sentence of life imprisonment, had on July
1st, 1928, served a term of fifteen years less earned com-
mutation thereof, and that "for the purpose of determining
the applicability to the relator herein and others in the same
category of the statutes heretofore enacted vesting in said
board of managers the power to parole prisoners sentenced
under the Indeterminate Sentence act, at the expiration of

the minimum term, and fixing the minimum term in cases of sentence to life imprisonment at fifteen years, the principal keeper of said state prison presented to said board of managers for its consideration, at a meeting of said body held in the month of December, 1928, the matter of the right of the said John O. Lindsley to parole under the aforesaid statutes, and thereupon the board unanimously resolved that, in accordance with the opinion of the attorney-general set forth in the next succeeding paragraph, it would refuse to consider the case of the said John O. Lindsley for parole as aforesaid, and that ever since said day the board has refused, and still refuses, to consider said matter;" following which is a copy of the opinion of the attorney-general and other excerpts from the minutes of the board relating to John O. Lindsley and the further allegation that ever since April 19th, 1929, the board of managers has refused to consider and determine the right of the relator to release on parole.

This and the case of John O. Lindsley, relator, *v.* Board of Managers of the New Jersey State Prison, respondent, decided at this term of court, were argued on the same briefs. In this, as in the Lindsley case, the crime was committed prior to July 1st, 1918, the effective date of the Institutions and Agencies act (chapter 147, laws of 1918). The Ferraro sentence was imposed after that date.

We find no minute of any presentation of the Ferraro case to the board for consideration or of a refusal by the board to consider. The stipulation does recite that "the said board of managers of said prison has refused, and still refuses, to consider and determine the right of relator to release on parole under the aforesaid statutes;" but the stipulation gives quite in detail the corporate action of the board in the Lindsley case, which, of course, is of only secondary interest to the relator, and we are wondering whether the omission of such record as to Ferraro signifies that there was no actual presentation or other action upon his case. Such importance as this question may have arisen out of the nature of the litigation, as action of the board, to be properly so designated, should have been corporate action and not a mere informal

understanding that specific cases without record or action were to be presented for an opinion of the court. However, we reach our conclusion regardless of this observation.

Except as noted above the two cases present the same features.

Notwithstanding the differences, we think that the Ferraro case is controlled by the same rules and principles as were applied by us in the Lindsley case; and the writ of *mandamus* is denied for the same reason. If an appeal is to be taken, the pleadings may be moulded for that purpose.